IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**SUNDARI K. PRASAD,**

    **Petitioner,**

v.                                                Civil Action No. 3:21cv554

**COMMONWEALTH OF VIRGINIA,**

    **Respondent.**

**MEMORANDUM OPINION**

Sundari K. Prasad, a Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 4) challenging her convictions for assault and battery, threat to burn, breaking and entering, and attempted arson in the Circuit Court for the City of Hampton, Virginia (the "Circuit Court"). (ECF No. 4, at 1.)[1] Prasad's § 2254 Petition indicates that she has not exhausted her claims. (*See id*. 5–13.) Accordingly, by Memorandum Order entered on November 19, 2021, the Court directed Prasad to show cause why her § 2254 Petition should not be dismissed for lack of exhaustion. (ECF No. 5.) Prasad filed a response. (ECF No. 6.) For the reasons explained below, the § 2254 Petition will be DISMISSED WITHOUT PREJUDICE because Prasad has failed to exhaust her state court remedies.

**I. Exhaustion Analysis**

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects for spelling, capitalization, and punctuation in citations to Prasad's submissions.

Virginia for review either on direct appeal or in a collateral proceeding. *Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 587 (E.D. Va. 2006). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

Prasad does not contend that her pending matters in state court have been properly exhausted in accordance with Virginia's procedural scheme. Rather, she states in conclusory fashion that she should be excused from the requirement due to her various filings in this Court and the state courts. Prasad states:

> A quick check of all my cases—perhaps on PACER system will reveal that I indeed–I have just about sued everybody for everything within the scope [and] that this case encompasses. I have indeed brought my grievances to the state level and the Supreme Court—to no avail. So, at this time—I have exhausted all of my remedies and even taken some things federally that un-nerved me as well. I apologize that I was not thorough in noting that on my petition and listing all the cases that I brought forth, but I did file w[ith] the Supreme C[ourt] of VA and even filed federal petitions well. And with the Circuit Court, again—to no avail.
>
> Thusly, so I believe that I have therefore exhausted all of my possibilities before filing this petition. I just did not list everything I had done and I apologize for that.

(ECF No. 6, at 1–2) (emphasis in original).

Prasad has not met her burden to prove that her claims have been exhausted in accordance with a "state's chosen procedural scheme." *Mallory*, 27 F.3d at 994–95. In Virginia, to exhaust state remedies, a "petitioner must present the same factual and legal claims raised in the instant petition to the Supreme Court of Virginia either by way of (i) a direct appeal, (ii) a state habeas corpus petition, or (iii) an appeal from a circuit court's denial of a state habeas petition." *Sparrow*, 439 F. Supp. 2d at 587; *see also* Va. Code Ann. § 8.01–654(A)(1) (2014). "Whichever route the inmate chooses to follow, it is clear that [the inmate] ultimately must present his [or her federal habeas] claims to the Supreme Court of Virginia and receive a ruling

from that court before a federal district court can consider them." *Banks v. Johnson*, No. 3:07CV746, 2008 WL 2566954, at *2 (E.D. Va. June 26, 2008) (first alteration in original) (quoting *Graham v. Ray*, No. 7:05cv00265, 2005 WL 1035496, at *2 (W.D. Va. May 3, 2005); *see also Sparrow*, 439 F. Supp. 2d at 587.  Prasad fails to demonstrate that she raised her current claims before the Supreme Court of Virginia either by a *direct appeal* or by a *petition for a writ of habeas corpus* or that she has received a ruling from that court on her claims.  Rather, she vaguely suggests in her § 2254 Petition that she has filed "habeas corpus, administrative remedies, letters to senators, request for nurse for ADA, petitions for mandamus and prohibition, writs of actual innocence." (*See, e.g.*, ECF No. 4, at 11.)  This is insufficient to establish that she has exhausted her claims in accordance with Virginia's chosen procedural scheme.

Accordingly, Prasad's § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE because she has failed to demonstrate that he has exhausted available state remedies.  Petitioner may file a § 2254 petition in this Court after she has exhausted her remedies in state court.

## II. Conclusion

For the foregoing reasons, Prasad's § 2254 Petition (ECF No. 4) will be DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED. A certificate of appealability will be DENIED.[2]

An appropriate Order will accompany this Memorandum Opinion.

Date: 1-6-2022
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893–94 (1983)). Prasad fails to meet this standard.